Lowell BOHL, individually and as the duly appointed, qualified and acting Personal Representative of the Estate of Della Moore, Deceased, Plaintiff-Appellant,

v.

H.L. HANEY, William D. Greathouse, Frank Burhenn, and V. Armilda Burhenn, Defendants-Appellees.

No. 81CA0094.

Colorado Court of Appeals, Div. I.

April 21, 1983.

Rehearing Denied May 19, 1983.

Certiorari Denied Oct. 31, 1983.

Carl M. Shinn, Thomas L. Shinn, Lamar, for plaintiff-appellant.

J.V. Condon, Aurora, for defendant-appellee H.L. Haney.

Johnson & McLachlan, George McLachlan, Lamar, for defendant-appellee William D. Greathouse.

Howard M. Schmidt, Springfield, for defendants-appellees Frank Burhenn and V. Armilda Burhenn.

BERMAN, Judge.

Lowell Bohl appeals the trial court's refusal to set aside a sale of agricultural land to Frank and V. Armilda Burhenn. We affirm.

Defendant William Greathouse, a co-guardian of the estate of Della Moore, filed a petition for sale of 480 acres of land owned by Moore. This petition alleged that there was no cash on hand, that there were debts of Moore, and that it was necessary to sell the land to care for Moore. It named five people as persons in interest, although it is agreed by all parties that a great number of others should have also been included among those persons having an interest in the property. Bohl was one of those entitled to notice because under Moore's will, had he survived her, he would have been given a right of first refusal to purchase the property in question.

An order for sale was entered April 5, 1971, showing that the property had been sold to the Burhenns for $30,000. An order confirming the sale was entered March 8, 1972. The record shows that the Burhenns did not have knowledge of any defects in the proceedings, including the lack of notice to all parties in interest. More than five years after the sale, Bohl filed suit claiming that the sale was void. The trial court refused to set aside the sale.

Bohl argues on appeal that the trial court erred by not setting aside the sale to the Burhenns because failure to comply with the notice provisions of the now-superseded probate statute, C.R.S.1963, 153–13–6,[1] constituted a fatal jurisdictional defect and voided the sale. We disagree.

The trial court properly concluded that the irregularities in the sale proceedings were cured by C.R.S.1963, 153–13–27, as amended, which provides as follows:

"(1)(a) In case of an action relating to any estate sold by an executor, administrator, guardian or conservator in which any person shall contest the validity of the sale, it shall not be avoided on account of any irregularity in the proceedings; provided, it appears:

1. The current Probate Code was not adopted until 1973, two years after the sale of Moore's property. Section 15–10–101, C.R.S.1973.

(b) That the executor, administrator, guardian or conservator was ordered to make the sale by the court having jurisdiction over the estate;

(c) That the premises were sold pursuant to such order, and the sale confirmed by the court, and that they are held by one who purchased in good faith."

All of the requirements of this statute were satisfied here. The guardian was ordered to sell the property by a court having jurisdiction over the estate. The premises were sold pursuant to this order, the sale was confirmed by the court, and the record supports the trial court's finding that the Burhenns were purchasers in good faith who had no knowledge of the irregularities in the proceedings.

We have reviewed the record and find Bohl's remaining contentions of error to be without merit.

Judgment affirmed.

STERNBERG and COYTE,* JJ., concur.

